IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Daniel Lucero, | ) | |
| on behalf of plaintiff and a class | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 12-CV-659-GKF-TLW |
| | ) | |
| | ) | Judge Frizzell |
| (1) LOVE, BEAL & NIXON, P.C.; | ) | |
| (2) MIDLAND CREDIT MANAGEMENT, INC.; | ) | Magistrate Judge Wilson |
| (3) MIDLAND FUNDING LLC; and | ) | |
| (4) ENCORE CAPITAL GROUP, INC., | ) | |
| formerly MCM CAPITAL GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF
<u>CLASS SETTLEMENT AGREEMENT</u>**

Plaintiff, Daniel Lucero ("Plaintiff" or "Lucero"), by his attorneys, Edelman, Combs, Latturner & Goodwin, LLC, and Defendants, Love, Beal & Nixon, P.C. ("LBN"), by its attorneys Cheek & Falcone, PLLC, and Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc. (collectively the "Midland Defendants"), by their attorneys, Doerner, Saunders, Daniel & Anderson, LLP, for their Joint Motion for Preliminary Approval of Class Action Settlement state as follows:

**Background**

1. This action was brought by the Plaintiff on his own behalf and on behalf of all other persons similarly situated.

2. Plaintiff asserted a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") in connection with the conduct of Defendants. Specifically, Plaintiff claimed that

Defendants violated the FDCPA 15 U.S.C. §1692 et seq. by engaging in deceptive collection practices in the form of sending debt collection letters that referred to harsh creditor remedies without disclosing material limitations and exemptions on those remedies which are likely to apply. Defendants filed answers to Plaintiff's Complaint in which they denied Plaintiff's claims, and set forth several affirmative defenses to Plaintiff's claims.

3. The parties consider it desirable that the action and the claims alleged therein be settled.

4. The parties desire to settle the action based upon the terms and conditions set forth in the Settlement Agreement attached hereto as <u>Appendix 1.</u>

## Stipulated Terms of Proposed Class Settlement

5. For settlement purposes only, the parties have stipulated to the certification of one (1) class and have agreed that, for settlement purposes only, the class defined below meets all the requirements of Rule 23. Specifically:

    (a) Class members are ascertainable and so numerous that joinder of all members is impracticable;

    (b) There are questions of law or fact common to the Class, and there is a well-defined community of interest among Class members with respect to the subject matter of the Litigation;

    (c) The claims of Plaintiff are typical of the claims of Class members;

    (d) Plaintiff has fairly and adequately protected the interests of the Class members;

(e) A class action is superior to other available methods for an efficient adjudication of this controversy; and

(f) The law firm of Edelman, Combs, Latturner & Goodwin, and Victor Wandres, Paramount Law are qualified to serve as counsel for the Class.

6. For settlement purposes only, the parties have stipulated to the certification of the following class:

> The class consists of (a) all natural persons with Oklahoma addresses (b) to whom LBN sent a letter in the form represented by Exhibit A (whether on behalf of MCM, MFLLC, or someone else) (c) which letter was sent to the same address as the person's real estate (d) on or after November 30, 2011, and (d) on or before December 20, 2012.
>
> (The "Settlement Class"). The Settlement Class includes approximately 5,600 persons.

7. Certification is within the sound discretion of the Court, and requires questions of fact or law common to the class to predominate over questions affecting only individual members of a class. *See D.G. ex rel. Stricklin v. Devaughn,* 594 F.3d 1188, 1195 (10th Cir. 2010). In addition, the class must be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a). Here, the LBN Class consists of similarly-situated individuals with common questions of law and fact that predominate over any other issues, such that a class action is the superior method of adjudicating these claims. Moreover, based on the estimated 5,600 or more persons in the putative class, the Settlement Class is so numerous that joinder would be impracticable.

8. Counsel for Plaintiff and counsel for Defendants have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense

involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation, and the likelihood, costs, and possible outcome of a trial. Based on their review and analysis, Plaintiff and Defendants entered into the Settlement Agreement.

9. Pursuant to the Class Settlement Agreement, the parties have agreed to the settlement of this action as follows:

(a) Relief to members of the Class – LBN shall pay $115,000 into a Class Settlement Fund. Plaintiff's attorneys' fees and costs, subject to approval from this Court and not to exceed 30% of the Settlement Fund, shall be paid from the Settlement Fund. The remainder of the Class Settlement Fund, after deducting the costs of administering the settlement, will be distributed amongst the class members on a *pro rata* basis amongst those individuals who submit a valid and timely claim form, with no cap on the relief to any individual class member.

(b) Relief to Plaintiff – Plaintiff, DANIEL LUCERO, will receive $5,000.00 from the Class Settlement Fund for his statutory damages, subject to Court approval.

(c) In exchange for the dismissal of the Midland Defendants, , the Midland Defendants agree to pay named Plaintiff Daniel Lucero the amount of five hundred dollars ($500). In 2004, Defendant Midland Credit obtained a judgment against Plaintiff in CS-2004-1476, Tulsa County District Court, which has not been collected. Because the underlying indebtedness remains in dispute and the collection of the judgment is uncertain, and to avoid incurring additional costs and expenses in attempting to collect on the judgment, Midland agrees to accept $500 from Plaintiff, to be offset from the amount the Midland Defendants will pay to Plaintiff, in full satisfaction of the judgment. LBN shall

file a release and satisfaction of judgment in CS-2004-1476 within 10 days of the Consummation Date (as defined in the Settlement Agreement).

(d) Cy Pres – Any amount remaining in the Class Fund after all class checks are void will be distributed to the Legal Aid Services of Oklahoma. This amount is expected to be limited to uncashed checks and rounding.

(e) Attorneys' fees – Subject to Court approval, Class Counsel will receive attorney fees and costs, and Defendant agrees not to object to a fee petition not exceeding 30% of the Settlement Fund in attorney's fees and costs.

(f) Class Notice – LBN will be responsible for arranging and directing mailing to and issuing proper notice to the Class Members and for administrating the settlement. The costs of administration to the class will come from the Settlement Fund. LBN is to advance the costs of settlement and will not be reimbursed if the settlement is not approved. Members of the Class shall have sixty (60) days from the mailing of the notice to submit a claim form, to opt out, or object to the proposed settlement.

10. Plaintiff and counsel for Plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Class Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the members of the Class.

WHEREFORE, Plaintiff, Daniel Lucero, and Defendants, Love, Beal & Nixon, P.C., Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc. respectfully request that this Court enter an order in the form of Exhibit B to the Settlement Agreement, which:

  (i) Grants preliminary approval of the purposed settlement;

  (ii) Directs the mailing of notice in the form of <u>Exhibit A</u> to the Settlement Agreement subject to any modification deemed necessary by the Court;

  (iii) Appoints Edelman Combs Latturner & Goodwin, LLC as class counsel;

  (iv) Sets dates for submission of claims forms, opt outs, and objections; and

  (v) Schedules a hearing for final approval of the class settlement.

Respectfully Submitted,

**EDELMAN COMBS LATTURNER & GOODWIN, LLC**
Daniel Edelman
Catherine A. Ceko
120 So. LaSalle Street, 18th Floor
Chicago, IL 60603
(312) 739-4200
/s/Catherine A. Ceko
Counsel for Plaintiff


**PARAMOUNT LAW - CONSUMER PROTECTION ATTORNEYS**
Victor R. Wandres
115 West 3rd Street, Fourth Floor
Wright Building
Tulsa, OK 74103
(800) 350-2707
(918) 200-9272
(918) 895-9774 (Fax)
/s/Victor Wandres
Counsel for Plaintiff

**DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.**
Jon E. Brightmire, OBA No. 11623

Amanda L. Thrash, OBA No. 21844
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
(918) 582-1211 – *Telephone*
(918) 925-5258 – *Facsimile*
/s/Jon E. Brightmire
*Attorneys for Midland Credit Mgmt. Inc.,
Midland Funding LLC, and
Encore Capital Group, Inc.*


**CHEEK & FALCONE PLLC**
David Alan Cheek
John Paul Falcone
6301 WATERFORD BLVD STE 320
OKLAHOMA CITY, OK 73118
405-286-9191
/s/John Paul Falcone
*Attorneys for Love, Beal &
Nixon, P.C.*

# CERTIFICATE OF SERVICE

I, Catherine A. Ceko, hereby certify that on December 6, 2013, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

David Alan Cheek
John Paul Falcone
6301 WATERFORD
BLVD STE 320
OKLAHOMA CITY, OK
73118

Jon E. Brightmire
Amanda L. Thrash
Two West Second Street, Suite 700
Tulsa, OK 74103-3117
(918) 582-1211 – *Telephone*
(918) 925-5258 – *Facsimile*

Victor R. Wandres
115 West 3rd Street, Fourth Floor
Wright Building
Tulsa, OK 74103

                                                s/ Catherine A. Ceko
                                                Catherine A. Ceko