# APPENDIX 1

# SETTLEMENT AGREEMENT

**A.)** **Case, Parties, and Nature of the Litigation.**

Plaintiff, Daniel Lucero ("Plaintiff" or "Lucero"), individually and on behalf of putative class members, filed a Complaint in the above-captioned action in the United States District Court for the Northern District of Oklahoma entitled *Daniel Lucero v. Love Beal & Nixon, P.C., et al.* Case No. 12 CV 659 GKF TLW (the "Litigation"). Plaintiff alleges that Love, Beal & Nixon, P.C. ("LBN"), and Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc., formerly MCM Capital Group, Inc. (the "Midland Entities") (LBN and the Midland Entities will be referred to collectively as"Defendants") violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), by engaging in deceptive collection practices in the form of sending debt collection letters that referred to creditor remedies without disclosing material limitations and exemptions on those remedies which Plaintiff claims may apply. Defendants have filed answers to Plaintiff's Complaint in which they deny Plaintiff's claims, and set forth several affirmative defenses to Plaintiff's claims.

**B.)** **Compromise of Claims.**

1. The parties find it desirable that the Litigation and the claims alleged therein be settled upon the terms and conditions set forth in this Settlement Agreement ("Agreement") to avoid further expense and potentially burdensome, protracted litigation.

2. Plaintiff and the settlement class members desire to settle their FDCPA claims against Defendants, having taken into account, through their counsel, the risks and delay involved, especially in light of the difficulties and challenges to recover in excess of

1

that offered by this settlement and the likelihood that the litigation will be further protracted.

3. Counsel for Plaintiff and the settlement class members have investigated the facts available to them and the applicable law.

4. Based on the foregoing, and upon an analysis of the benefits which this Agreement affords the class, counsel for the settlement class consider it to be in the best interest of the class to enter into this Agreement.

5. In consideration of the foregoing and other good and valuable consideration, Plaintiff, counsel for the settlement class, and Defendants stipulate and agree that the claims of the named plaintiff and FDCPA claims of the settlement class members against Defendants in the Litigation should be and are hereby compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

**C.)    Terms.**

Effective Date: This Agreement, and the obligations of the parties under the Agreement, shall become effective upon execution by all parties. For the Agreement to be consummated, the Agreement requires (1) the Court's entry of a final order approving this Agreement as fair, reasonable, and adequate to the class and dismissing the claims of Plaintiff and the settlement class members against Midland Defendants and their agents without prejudice (which will later be converted to a dismissal with prejudice with regard to all of plaintiff's claims and the FDCPA claims of class members as against all Defendants); and (2) the expiration of five (5) days after the time the final order, judgment, and decree becomes a final, non-appealable order, or if an appeal has been sought, the expiration of five (5) days after the disposition of any such appeal from any such final

order, judgment, and decree, which disposition approves the Court's final order, judgment and decree, the terms and provisions of this Agreement, and the consummation of the settlement in accordance with the terms and provisions of this Agreement (the "Consummation Date"). The parties waive their rights to appeal from any Final Order entered in accordance with the terms of this Agreement. The parties shall each bear their own costs and expenses in responding to any appeal taken from the Final Order.

**D.)   Class Representative.**

Daniel Lucero is the Plaintiff and Class Representative.

**E.)   The Defendants.**

LBN and the Midland Entities are the Defendants. However, within 10 days of the execution of this Agreement, the Midland Entities will be dismissed from the litigation without prejudice, as set forth in Section L(3) below.

**F.)   The Class.**

The parties agree to seek certification of the following class for purposes of this settlement:

> The class consists of (a) all natural persons with Oklahoma addresses (b) to whom LBN sent a letter in the form represented by Exhibit A (whether on behalf of MCM, MFLLC, or someone else) (c) which letter was sent to the same address as the person's real estate (d) on or after November 30, 2011, and (d) on or before December 20, 2012.

The Members of this class shall be referred to as the "LBN Class Members." LBN has compiled a list identifying approximately 5,600 individuals who appear to qualify as LBN Class Members.

3

**G.)** **Relief to Plaintiff and the LBN Class Members.**

1. Plaintiff shall receive $5,000.00 for his statutory damages and as an incentive award for his role as Class Representative, subject to Court approval to be paid out of the Class Settlement Fund.

2. In exchange for the dismissal of the Midland Defendants from the Litigation, the Midland Defendants agree to pay named Plaintiff Daniel Lucero the amount of five hundred dollars ($500). In addition, in 2004 Defendant Midland Credit obtained a judgment against Plaintiff in CS-2004-1476, Tulsa County District Court, which has not been collected. Because the underlying indebtedness remains in dispute and the collection of the judgment is uncertain, and to avoid incurring additional costs and expenses in attempting to collect on the judgment, Midland agrees to accept $500 from Plaintiff, to be offset from the amount the Midland Defendants will pay to Plaintiff, in full satisfaction of the judgment. LBN shall file a release and satisfaction of judgment in CS-2004-1476 within 10 days of the Consummation Date.

3. LBN shall pay $115,000 as the Class Settlement Fund. Administrative costs advanced by LBN pursuant to this Agreement shall be deducted from its $115,000 payment to the Class Settlement Fund. Plaintiff's attorneys' fees and costs, subject to approval from this Court and not to exceed 30% of the Settlement Fund, shall be paid out of the Settlement Fund. Administrative costs shall be paid from the Class Settlement Fund. The named Plaintiff to be paid $5,000.00 from the Class Settlement Fund. The remainder of the Class Settlement Fund will be distributed on a *pro rata* basis among those putative class members who return a valid and timely claim form, with no cap on the relief to any individual class member.

4. The distribution to class members will be in the form of a check that will become void 60 days from the date of issue ("Void Date"). To the extent administratively feasible, the date of issue shall be the same date as the date the check is mailed to each participating class member.

5. All payments due under this Agreement, except for the costs of sending notice to the LBN Class Members, and including payments due for attorney's fees and costs, shall be made within twenty-one (21) days of the Consummation Date, provided that plaintiff's motion for attorney fees and costs is granted at the same time as the Final Approval Order. If the motion for attorney fees and costs is approved at a later time, the payment due for attorney's fees and costs shall be due 35 days after entry of the order approving plaintiff's attorney fee and costs requests. The costs of sending notice to the LBN Class Members shall be paid by LBN to the class administrator at the time any such funds are due and owing to the class administrator, and may be deducted from LBN's Class Settlement Fund payment pursuant to Section G.3.

6. The costs for administering the settlement, including the costs of sending notice to the class members who return a valid claim for, shall be paid for out of the Class Settlement Fund.

7. Any checks that have not been cashed thirty (30) days after the Void Date will be donated to the Legal Aid Services of Oklahoma as a *cy pres* award.

**H.)   Release.**

1. Each LBN Class Member not deemed as a valid and timely opt-out in the Court's Final Approval Order as of the Consummation Date does hereby release and forever discharge the Defendants and their parents, subsidiaries, affiliates, successors,

5

assigns, shareholders, partners, directors, officers, attorneys, employees, agents, and insurers ("in their capacities as such")("the Released Parties") from all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, arising from the facts alleged in the complaint, which the class now has, ever had, or hereafter may have against the Released Parties.

This Agreement and release does not address the validity of the debts allegedly owed by the LBN Class Members.  LBN Class Members do not release their right to dispute any alleged debt.  This release is conditioned on the final approval of the Agreement by the Court and Defendants meeting their obligations therein.

2.  Plaintiff, his assigns, heirs, successors and personal representatives do hereby release and forever discharge the Released Parties from all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, arising from the facts alleged in the complaint, which he now has, ever had, or hereafter may have against the Released Parties.  This release is conditioned on the final approval of the Agreement by the Court and Defendants meeting their obligations therein.

3.  If the terms of this Agreement are not approved by the Court or for any reason the actions contemplated by this Agreement are not accomplished, the Agreement shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

**I.)     Attorneys' Fees, Notice Costs, and Related Matters**.

1.      Plaintiff's counsel will request, subject to court approval, an amount to equal no more than 30% of the Class Fund as the total attorney's fees and costs incurred in the Litigation.  Plaintiff's counsel will not request additional fees or costs from Defendants or the LBN Class Members, and Defendants will not oppose or cause to be opposed an application for the above-specified attorneys' fees and costs in the amount of no more than 30% of the Class Settlement Fund.

2.      LBN will be responsible for arranging and directing mailing to and issuing proper notice to the LBN Class Members and for administering the settlement.  The costs of administration to the class will come from the Settlement Fund.

3.      The parties may destroy documents generated in class administration six (6) months (or earlier if the parties agree) after the final order is entered and no longer subject to appeal.

4.      LBN shall provide a list of LBN Class Members to class counsel by December _____, 2013.

**J.)     Notice.**

LBN will cause notice to be provided to class members by U.S. Mail.  LBN shall, within thirty (30) days of entry of the Preliminary Approval Order, cause actual notice, in the form of Exhibit A, to be sent to the last known addresses of the LBN Class Members, according to LBN's records.  Each notice shall be sent with a request for forwarding addresses.  In the event that a notice is returned as undeliverable and a forwarding address is provided, LBN will cause the forwarding of any such returned notice to the address provided within five (5) business days.  The LBN Class Members shall have sixty (60)

days from the date of the initial mailing of the notice to submit a claim form, exclude themselves from, or object to the proposed settlement.

**K.)     Preliminary approval.**

    1.     As soon as practicable after execution of the Agreement, the Plaintiff and LBNshall make application to the court for an order which:

        a.   Preliminarily approves this Agreement.

        b.   Certifies the class that this Agreement seeks to settle.

        c.   Appoints plaintiff Daniel Lucero as the Class Representative.

        d.   Appoints Edelman Combs Latturner & Goodwin, LLC as Class Counsel.

        e.   Schedules a hearing for final approval of the Agreement by the court.

        f.   Approves the form of notice to the class, to be directed to the last known address of the LBN Class Members as shown on LBN's records. If as a result of the mailing, a forwarding address is furnished by the Postal Service but the notice is not forwarded by the Postal Service, the notice will be re-mailed to the address(es) provided within five (5) business days.

        g.   Finds that mailing of the class notice and the other measures specified in Section J of this Agreement are the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23.

    2.     Plaintiff and LBN agree to request the form of notice attached hereto as Exhibit A and propose the form of the preliminary approval order attached hereto as

8

Exhibit B.  The fact that the Court may require non-substantive, typographical changes in the notice or order does not invalidate this Agreement.

**L.)     Final approval**.

1.      Except for the event provided in Paragraph N below, at the conclusion of, or as soon as practicable after the close of the hearing on the fairness, reasonableness, and adequacy of the Agreement, counsel for the class and counsel for LBN shall request that the court enter a Final Order (a) approving the terms of the Agreement as fair, reasonable, and adequate, (b) providing for the implementation of those terms and provisions, (c) finding that the proposed class meets all the requirements of Rule 23, (d) finding that the notice given to the class members satisfies the requirements of due process and Rule 23, (e) dismissing the claims of the named plaintiff and the class members without prejudice (which will later convert to a dismissal with prejudice) and without costs, directing the entry of a final order, and retaining jurisdiction to enforce the provisions of this Agreement.

2.      The parties agree to request the form of final order attached hereto as Exhibit C. The fact that the court may require non-substantive typographical changes in the final order does not invalidate this Agreement.

3.      Dismissial Without Prejudice.  Within ten (10) days of all parties executing this Agreement, Plaintiff will dismiss the Midland Defendants from the Litigation without prejudice.  Their dismissal with prejudice shall be controlled by paragraph 4 below.

4.      Dismissal With Prejudice.  Within sixty (60) days after the Void Date, LBN's counsel shall file a "Notice of Compliance" that Defendants have complied with the Terms of the Agreement, specifically that all LBN Class Members who are entitled to receive checks have been issued checks and that any Cy Pres award has been distributed.

Within ten (10) days after the Notice of Compliance has been filed, the action shall be dismissed with prejudice as aginst LBN.  The dismissal of this action as againt Midland will be converted to a dismissal with prejudice with regard to Lucero's claims and the claims of LBN Class Members ten (10) days after the Notice of Compliance has been filed, absent a timely motion to enforce the final judgment by either Plaintiff or Defendants.

**M.)     Release of Attorney's Lien.**

In consideration of this Agreement, Plaintiff and Plaintiff's counsel hereby waive, discharge and release the "Released Parties," as defined in Section H above, of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Plaintiff's counsel in connection with this case.  Plaintiff and Plaintiff's counsel further represent and certify that they will pay any amounts due for attorneys' fees and costs and hold the Released Parties harmless from any such claim.

**N.) Right Of Exclusion.**

Any LBN Class Member who desires to be excluded from the class must send a written request within sixty (60) days from the mailing of the class notice, provided that this manner and method of exclusion is approved by the Court. In the written request for exclusion, the LBN Class Member must set forth his or her full name, address, telephone number and email address (if available), along with a statement that he or she wishes to be excluded. Any LBN Class Member so excluded shall not be bound by the terms of this Agreement nor entitled to any of its benefits.

**O.)     Miscellaneous provisions.**

1.     Whether or not this Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in

no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendants of any liability or wrongdoing whatsoever.

2. The parties acknowledge that this release and settlement agreement memorializes the compromise of disputed actual and potential claims by both parties.

3. The parties and their attorneys agree to cooperate fully with one another in seeking court approval of the Agreement and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein.

.   4. Notices of objections to this Agreement shall (a) be in writing; (b) be delivered by U.S. Mail; (c) be deemed to have been duly given on the date received; (d) be addressed to the intended recipients as set forth below; (e) shall set forth every basis for the objection; and, (f) shall be sent to Class Counsel:

> Catherine A. Ceko
> EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
> 120 South LaSalle Street, Suite 1800
> Chicago, IL  60603

The person and address designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

**P.)** The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the court.

**Q.)** This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a

complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals. This Agreement is twelve (12) pages in length.

**R.)** Each and every term of this Agreement shall be binding upon and inure to the benefit of the Parties, their successors and personal representatives

**S.)** This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record or authorized representatives, have so agreed, on December___, 2013.

Individually and as Class Representative:

_____

Daniel Lucero

Attorneys for Daniel Lucero

_____

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0479 (FAX)

Love, Beal & Nixon, P.C.

BY: 

_____
Its duly authorized representative

Midland Credit Management, Inc., Midland Funding, LLC, Encore Capital Group, Inc.

BY: 

_____
Its duly authorized representative


2879044v1

13