## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL LUCERO,<br><br>                Plaintiff,<br><br>v.<br><br>LOVE, BEAL & NIXON, P.C.; MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING LLC; and ENCORE CAPITAL GROUP, INC., formerly MCM CAPITAL GROUP, INC.,<br><br>                Defendants. | Case No. 12-CV-659-GKF-TLW |

## DEFENDANT LOVE, BEAL & NIXON P.C.'S
## STATUS REPORT AND NOTICE TO THE COURT

Defendant Love, Beal and Nixon, P.C. ("LBN"), by and through its counsel of record, hereby provides this Status Report and Notice to the Court in advance of the August 14, 2014 Court hearing.

### I. SUMMARY OF THE CLAIM FORM RESPONSES AND OPT-OUT ACTIVITY OF THE CLASS MEMBERS

1.     Plaintiff's Complaint alleges that LBN's debt collection letter to Plaintiff Lucero and other Oklahoma residents violated the Fair Debt Collection Practices Act ("FDCPA") and seeks statutory damages and attorneys' fees, as well as class certification for other persons who received similar letters from LBN.

2.     The class consists of 5,512 Oklahoma residents owning Oklahoma real estate who were sent a debt collection notice by Defendant LBN at the owner's Oklahoma real estate address in the year preceding Plaintiff's Complaint. At the time of the parties' settlement it was contemplated that each class member resided in the State of Oklahoma.

3. On April 11, 2014, this Court conducted a hearing and preliminarily approved a class for purposes of settlement of the FDCPA claims. The Court ordered that notices to the class and claim forms be mailed out on May 12, 2014.

4. On May 12, 2014, the class notice and claim forms were mailed to 5,512 class members. Throughout May 2014 and early June 2014, certain class notices were returned with forwarding notice addresses and/or returned as undeliverable. As a result of the returned mailings, 559 class member names and addresses were sent out for tracing. As a result of tracing and forwarding notices received by the class administrator, 363 re-mailings were undertaken.

5. Through return mailings, tracing and review of the national change of address database, it became known that the 5,512 class members presently resided not only in Oklahoma but also in thirty-two (32) other states, with the vast majority still in Oklahoma, but a small amount now residing in 32 other states.

6. On June 6, 2014, Class Action Fairness Act (CAFA) notices were mailed to thirty-two state attorneys general and the U.S. Attorney General.

7. From June 9, 2014 through June 15, 2014, the CAFA notices were received by the thirty-two state attorneys general and the U.S. Attorney General.

8. The claims filing deadline and opt-out deadline was July 11, 2014.

9. As of the claims filing deadline, the class administrator received 721 claims forms, representing a 13.08% claim filing rate

10. As of the opt-out deadline, the class administrator received 3 opt-outs, representing a 0.05% opt-out rate.

11. A summary of activity from the Class Administrator detailing the mailings and activity as of July 12, 2014, is attached as Exhibit 1.

12. The Final Approval Hearing for the class settlement is presently scheduled for August 14, 2014 at 1:30 p.m.

## II. NOTICE TO THE COURT OF DEFENDANT LBN'S INTENTION TO REQUEST THAT ANY FINAL APPROVAL ORDER BE HELD IN ABEYANCE UNTIL SEPTEMBER 16, 2014 IN THE EVENT THE COURT GRANTS APPROVAL OF THE CLASS SETTLEMENT

The final approval hearing is scheduled for August 14, 2014. It remains unknown whether the Court will grant final approval of the class settlement. However, to the extent the Court is inclined to do so, Defendant LBN will request at the final approval hearing that any final Order granting approval of the class settlement be held in abeyance until September 16, 2014, for the reasons set forth herein. This Notice is being provided to the Court to explain in advance of the hearing the factual grounds and legal authorities supporting such a request.

The Class Action Fairness Act of 2005 is codified at 28 U.S.C. § 1711, *et seq*. ("CAFA"). CAFA requires that pleadings and notice of the proposed class settlement be provided to the United States Attorney General and the attorney general of each state "in which a class member resides". 28 U.S.C. § 1715. This requirement provides for notice of the class settlement to the United States Attorney General and applicable state attorneys general so that they may object to the proposed class settlement to the extent such officials desire to do so on behalf of the citizens they represent. Significantly, the notification requirement to states' attorneys general applies to the *current* address of an applicable class member. 28 U.S.C. § 1715.

The CAFA notices to the U.S. Attorney General and thirty-two (32) state attorneys general were mailed out on June 6, 2014. The Oklahoma and U.S. attorney general CAFA notices should have been mailed out six weeks earlier but were not because of a miscommunication between Defendant LBN's counsel and the class administrator. With respect to the other thirty-one states' CAFA notices, they could not have reasonably been mailed out

sooner than June 6, 2014 because it was not known until after the forwarding notices and tracing procedures were undertaken in late May and early June that certain class members had relocated outside of Oklahoma. The class notices and claims forms were mailed out on May 12, 2014. During the end of May and early June 2014, it became known that certain class members resided out-of-state.

The CAFA notices were mailed out on June 6, 2014 and delivery was received by the attorneys' general between June 9, 2014 and June 16, 2014. CAFA provides as follows:

> (d) Final approval.--An order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under subsection (b). 28 U.S.C. § 1715(d).

Because of the requirements of CAFA, it is respectfully requested that, if the Court is inclined to grant final approval to the class settlement, that it hold such final written order granting approval in abeyance pending the expiration of CAFA's 90 day time period. Therefore, assuming the Court grants its approval, Defendant LBN will request that such an Order be held in abeyance until on or after Tuesday, September 16, 2014.

To the extent any attorney general files objections to the class settlement or request a hearing with the Court during the interim time period between the scheduled August 14, 2014 hearing date and the expiration of the ninety day period provided for in CAFA on September 15, 2014, then the Court will have the opportunity consider such objections prior to entry of a final Order approving the class settlement.

Such a procedure has been undertaken by other Courts confronting the requirements of CAFA. In In re Processed Egg Products Antitrust Litigation, 284 F.R.D. 278, 287 n.10 (E.D. Penn 2012), a U.S. District Court confronted a similar issue and conducted its approval hearing as originally scheduled but held its decision on final approval in abeyance until the ninety-day

4

CAFA period had passed without any objections or requests for hearings being received from any of the applicable attorneys' general. The U.S. District Court in that case also cited to and referenced other U.S. District Courts that took a similar approach of approving a settlement on a provisional basis until the ninety day CAFA notice deadline had passed and no government official sought a hearing or filed an objection. Id. at 287, n. 10, citing D.S. ex rel. S.S. v. New York City Dep't of Educ., 255 F.R.D. 59, 80 (E.D.N.Y.2008); Kay Co. v. Equitable Prod. Co., No. 06 Civ. 00612, 2010 WL 1734869, at *4 (S.D.W.Va. Apr. 28, 2010).

To the extent the Court grants approval of the class settlement at the final approval hearing, Defendant LBN hereby advises the Court that it will respectfully request that the Court hold its final approval Order in abeyance pending the expiration of the ninety-day CAFA period, or until September 16, 2014.

Defendant LBN has conferred with Plaintiff's counsel and Plaintiff has advised that it would not oppose such a request by Defendant LBN.

Respectfully submitted,

 /s/ John P. Falcone
JOHN P. FALCONE, OBA #18373
CHEEK & FALCONE, PLLC
6301 Waterford Boulevard, Suite 320
Oklahoma City, OK  73118
Telephone:   405/286-9191
Facsimile:   405/286-9670
jfalcone@cheekfalcone.com

*Attorney for Defendant, Love, Beal & Nixon, P.C.*

**CERTIFICATE OF SERVICE**

☑ I hereby certify that on the 1st day of August, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jon E Brightmire - jbrightmire@dsda.com; dsimpson@dsda.com

Catherine A Ceko - cceko@edcombs.com

Cathleen M Combs - ccombs@edcombs.com

Daniel A Edelman - dedelman@edcombs.com

James O Latturner - jlatturner@edcombs.com

Amanda Leigh Thrash - athrash@dsda.com; amanda_thrash@hotmail.com; jbrown@dsda.com

Victor R Wandres - victor@paramount-law.net

/s/John P. Falcone

S:\10437.061\PLEA\(50608).docx